*United States v. Baires (Merino)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand nineteen.

PRESENT:
> DENNIS JACOBS
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                18-929

WILBER BAIRES, JOSE BARRERA, KEVIN CARDONA, RUDY GUEMBES-LORENA, JOSE CELESTINO GUILLEN-RIVAS, CARLOS HERNANDEZ, ABRAHAM IRAHETA, ALEX MACHADO, NELSON QUINTEROS,

*Defendants,*

CHRISTIAN MERINO,

*Defendant-Appellant.*

1

Appearing for *Defendant-Appellant*:       ALEXANDER E. EISEMAN, New York, NY.

Appearing for *Appellee*:      SUSAN CORKERY (Alixandra E. Smith, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 16, 2018, is **AFFIRMED**.

Defendant-Appellant Christian Merino appeals from the judgment of the district court sentencing him principally to a below-guidelines term of imprisonment of 120 months. Merino, a former leader of the Flushing, Queens clique of MS-13, entered into a cooperation agreement with the Government in which he agreed to plead guilty to one count of racketeering, in violation of 18 U.S.C. § 1962(c), one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The superseding information to which Merino pleaded listed seven racketeering acts consisting of conspiracy to murder and attempted murder. After the Government submitted a U.S.S.G. § 5K1.1 letter noting Merino's substantial assistance, Merino sought a sentence of time served, approximately. The district court instead sentenced Merino to 120 months'

2

imprisonment. In this appeal that follows Merino challenges only his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the sentence imposed by a district court for reasonableness, both procedural and substantive, under a deferential abuse-of-discretion standard. *United States v. Cavera*, 550 F.3d 180, 187–88 (2d Cir. 2008) (en banc).

Merino insists on appeal that the district court's explanation of his sentence was insufficient (procedural error) and that the explanation that was given was insufficient to support the sentence (substantive error). Regardless of the rubric used, Merino's arguments focus primarily on two points. He asserts first that specific deterrence could not have been a factor here because Merino's cooperation effectively precluded him from returning to MS-13 and a life of crime. Second, he argues that general deterrence was not furthered where, as here, he, a cooperator, was punished more harshly than were noncooperating codefendants.

Merino has a point, but it is an insufficient basis on which successfully to challenge the sentence imposed. True, the district court at one point stated that the sentence served the goal of specific deterrence by encouraging Merino to sever his ties with MS-13 without acknowledging that Merino's cooperation had not only cut him off from future participation in the gang but had essentially made him and his family the target of MS-13 death threats. Yet that statement did not stand alone. The district court also engaged

3

in a thorough analysis of the cases relied on by Merino, explaining its view that those cases did not provide a basis for concluding that Merino's sentence need not be determined with an eye to the need for specific deterrence. Those cases, in the district court's view, involved situations when the defendant had, as a result of his crimes, lost his business, thus drastically affecting the defendant's ability to use that business in the commission of further crimes. Here, by contrast, the district court explained that although Merino may end up in witness protection and "is now a pariah to the MS-13 gang," Merino has not necessarily "lost all ability to conduct similar illegal activities." App. 91. The court's detailed explanation is more than sufficient and does not demonstrate an abuse of discretion.

Merino's second argument, concerning the disparities between Merino's sentence and those imposed on codefendants who were allegedly similarly situated, is also without merit; there is no legal requirement that a court consider, let alone explain, sentencing disparities among codefendants. *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007) (abrogated on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007), as recognized in *United States v. Danilovich*, 731 F. App'x 45, 51 (2d Cir. 2018)). Merino may be correct that his sentence, which was nearly as long as those of each of the noncooperating codefendants, may serve more as a general deterrent to *cooperating* than to gang activity. This result however, is a function of the quantity and seriousness of the

4

offenses that Merino pled guilty to, rather than an abuse of discretion on the part of the district court.

To be sure, Merino raises a potentially interesting possibility: namely, that a district court might be misled into disfavoring a cooperator – whom the government requires to plead guilty to a litany of offenses in order to ward off insinuations that the cooperator was given a sweetheart deal – while codefendants are free to bargain down the seriousness of the offenses to which they ultimately plead. However, Merino offers no evidence that the court was misled by the plea-bargaining process in this case. On the contrary, during Merino's sentencing, the district court specifically acknowledged its authority (pursuant to Section 5K2.21 of the Sentencing Guidelines) to consider "conduct underlying a charge dismissed as part of a plea agreement" in each case as necessary. At bottom, the record indicated that Merino received the individualized consideration to which he was entitled, and derived significant benefits from his cooperation: he received a downward departure to a sentence 115 months below the bottom of the applicable guidelines range, and he avoided the otherwise mandatory consecutive 10-year term for the § 924(c) count.

Merino's below-guidelines sentence of 120 months was neither procedurally nor substantively unreasonable.

We have considered Merino's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, Clerk of Court